United States District Court
Southern District of Texas
FILED

JUL 0 9 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BELINDA MATA, Plaintiff | § § | |
| V. | § § | CASE NO. B-04-092 |
| CAMERON COUNTY HEALTH DEPARTMENT, THE COUNTY OF CAMERON, Defendant | § § § | |

### DEFENDANT'S UNOPPOSED VERIFIED MOTION TO ENLARGE TIME TO FILE ITS ANSWER (WITH MEMORANDUM IN SUPPORT THEREOF)

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant Cameron County Health Department, the County of Cameron and motions the Court to grant additional time to file its Answer to Plaintiff's Original Petition, as authorized by Fed. R. Civ. Proc. 6(b)(2004), and, for cause, would show as follows:

### A. INTRODUCTION.

1. Plaintiff is Belinda Mata and Defendant is Cameron County Health Department, the County of Cameron.

2. Plaintiff sued Defendant in State court for having allegedly wrongfully terminated her in violation of the First Amendment to the United States Constitution and 42 U.S.C. §1983.

3. On 4 June 2004, Defendant filed with the State and federal clerks all necessary instruments to remove Plaintiff's State Petition to federal court. As of this date, there has been no substantive or procedural objection by Plaintiff to said removal.

4. On 8 July, Defendant noticed that it had not filed an Answer to Plaintiff's Petition on or before 20 days after service or, in this case, on or before 19 June. Fed. R. Civ.

C:\mata2.mot, 7/9/2004, 1:56 PM

Proc. 81(c)(2004). A copy of said Answer is attached hereto for reference.

5. Defendant filed this request for an extension of time as soon as it became aware of the need for additional time, which was after the deadline.

6. On 9 June, Defendant's attorney of record informed Plaintiff's counsel, David R. Joe, c/o Brewer Anthony Middlebrook Burley & Dunn, P.C., 1702 E. Tyler St., Ste. 1, Harlingen TX 78550 by telephone that Defendant intended to file a verified Motion to Extend a Deadline to file its Answer, and Mr. Joe stated that he would not oppose it.

## B. ARGUMENT

7. A court may grant a request for an extension of time filed after a deadline if the motion to enlarge time shows proof of good cause and shows that the failure to act timely was the result of excusable neglect. Fed. R. Civ. Proc. 6(b)(2)(2004). In deciding whether there is "excusable neglect," the Court should consider the following: (1) prejudice to the nonmovant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer Investments Services Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993). "Excusable neglect" may be found even where the circumstances reveal inadvertent delays, mistakes, or carelessness. In re: Webber, 147 F.3d 132, 135 (2d Cir. 1998).

8. Defendant submits that the Court should grant its Motion for additional time to file its Answer for these reasons:

A. Plaintiff will not be prejudiced by the enlargement as she has not taken any

C:\mata2.mot, 7/9/2004, 1:56 PM

action, or failed to do so, in support of her cause since Defendant's removal.

B. Defendant filed this Motion the day after it realized that the deadline for timely-filing an Answer had passed. Rule 81(c), *supra*.

C. The potential impact of the delay on judicial proceedings is not significant because if the Answer is filed on or before 16 July 2004, said filing will be well before the earliest date specified in the Court's Order of 7 June 2004.

D. The reason for Defendant's delay is that Defendant read 28 U.S.C. §1446(5)(2004) to mean that, as the Court had not summarily remanded the instant case to State court, it would order an evidentiary hearing, etc., as mandated. Accord 28 U.S.C. §1447(a)(2004).

E. As stated in his affidavit, attached hereto, John A. Olson prepared and filed Defendant's removal instruments. In preparing the various documents for removal, he inadvertently failed to include an Answer, and did not realize until 8 July that no Answer had been filed.

F. Defendant has acted in good faith with Plaintiff in that it opened communication with Plaintiff's counsel, Mr. David R. Joe, shortly after Plaintiff's original Petition was filed in State court; has timely kept him abreast of changes in Defendant's Office; and, in the spirit of collegiality, has asked him to submit a written proposal by which the parties hereto may address and/or resolve this case, or significant issues therein, without necessity of extensive discovery and/or a trial.

For all of the foregoing reasons, Defendant asks the Court to extend Defendant's time to file its Answer to Plaintiff's original Petition until 16 July 2004.

C:\mata2.mot, 7/9/2004, 1:56 PM

Respectfully Submitted By:

CAMERON COUNTY'S
COMMISSIONERS COURT
CIVIL LEGAL DIVISION
964 East Harrison Street, Ste. 420
Brownsville TX. 78520
Telephone: 956.550.1345
Facsimile: 956.550.1348

_____
Richard O. Burst
Defendant's Attorney of Record
Tex. Bar No. 00785586
Federal ID #15515
And
Dylbia L. Jefferies
Texas State Bar #00786515
Federal ID #17065
Of Counsel
And
John A. Olson
Texas State Bar #15274750
Federal ID #4034
Of Counsel

## CERTIFICATE OF SERVICE.

I certify that on ___9___ July 2004 a true and correct copy of Defendant Cameron County Health Department, the County of Cameron's unopposed verified Motion to Extend a Deadline to file its Answer was mailed to Plaintiff's Counsel, David R. Joe, c/o Brewer Anthony Middlebrook Burley & Dunn, P.C., 1702 E. Tyler St., Ste. 1, Harlingen TX 78550 by certified mail, return receipt requested.

_____
John A. Olson

C:\mata2.mot, 7/9/2004, 1:56 PM

## CERTIFICATE OF CONFERENCE

I hereby certify that on 9 July 2004 I informed informed Plaintiff's counsel, David R. Joe, c/o Brewer Anthony Middlebrook Burley & Dunn, P.C., 1702 E. Tyler St., Ste. 1, Harlingen TX 78550 by telephone that Defendant intended to file a verified Motion to Extend a Deadline to file its Answer, and Mr. Joe stated that he would not oppose it.

_____
Richard O. Burst

C:\mata2.mot, 7/9/2004, 1:56 PM

## VERIFICATION

STATE OF TEXAS ][

COUNTY OF CAMERON ][

Before me, the undersigned authority personally appeared JOHN A. OLSON, who, upon oath, deposed as follows

My name is John A. Olson. I am of sound mind, and am capable of making this statement, and personally acquainted with the facts herein stated and aware of the penalty for perjury.

I researched, prepared and filed the Defendant's removal instruments with the federal and State clerks to remove Plaintiff's State Petition to federal court. In filing numerous instruments to effect said removal, I inadvertently failed to include an Answer, and did not realize until 8 July that no Answer had been filed.

_____
JOHN A. OLSON

Sworn to and subscribed before me on this 9th day of July 2004 to which witness my hand and seal of Office.

_____
NOTARY PUBLIC

IRENE G. GONZALEZ
Notary Public, State of Texas
My Commission Expires
OCTOBER 27, 2004

My Commission expires on: 10/27/04

C:\mata2.mot, 7/9/2004, 1:56 PM