UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 4 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BELINDA MATA, Plaintiff § | |
| § | |
| V.   § | CASE NO. B-04-092 |
| § | |
| CAMERON COUNTY HEALTH § | |
| DEPARTMENT, THE COUNTY OF § | |
| CAMERON, Defendant § | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S
### ORIGINAL PETITION (WITH AFFIRMATIVE DEFENSES).

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant Cameron County Health Department, the County of Cameron and files its Answer to Plaintiff's Original Petition (with Affirmative Defenses) and, for cause, would show as follows:

### ANSWER.

1. Defendant cannot admit or deny Plaintiff's allegations in Paragraph No. 1. as it is without knowledge or information sufficient to form a belief as to the truth of the averments.

2. Defendant denies so much of Plaintiff's Paragraph No. 2. that the Cameron County Health Department is an entity "or one and the same as." Defendant admits the balance of Paragraph No. 2.

3. Defendant admits the jurisdiction and venue statements contained in paragraphs 3. and 4.

4. Defendant denies Paragraphs Nos. 5., 7, 11, 12, 14, 15, 16, 17, and Plaintiff's PRAYER.

5. Defendant is without knowledge or information to form a belief as to the truth of

Paragraph No. 6.

6. Defendant admits so much of Paragraph No. 8 that a quantity of immunizations and other serums were stored beyond their expiration dates. Defendant denies the balance of Paragraph No. 8.

7. Defendant admits so much of Paragraph No. 9 that Plaintiff helped with the remedial disposal of expired immunizations and serums. Defendant denies the balance of Paragraph No. 9.

8. Defendant is without knowledge or information to form a belief as to the truth of Paragraph No. 10.

9. Defendant admits so much of Paragraph No. 13 that the delivery of Plaintiff's termination letter occurred without incident. Defendant denies the balance of Paragraph No. 13.

## SPECIFIC AND GENERAL DENIALS AND AFFIRMATIVE DEFENSES.

Any allegation made within any part of Plaintiff's Petition not otherwise specifically responded to herein above is specifically and generally denied. Defendant still urges and relies on matters alleged without waving any other matter asserted herein and further alleges as affirmative defenses the following:

10. No individual County employee engaged in conduct which would violate clearly established statutory or constitutional rights and, therefore, they are protected from individual liability under the doctrine of Qualified Immunity, and the County has derivative immunity.

11. Plaintiff's rights, privileges, and immunities secured under the Constitution or laws of the United States have not been violated by any action of the Defendant.

12. Plaintiff's conclusory allegations, or any one of them, fail to overcome the County's Sovereign Immunity.

13. Plaintiff's State cause of action is barred for the reason that she did not file her lawsuit with the 90th day after the date on which the alleged violation occurred or was discovered through reasonable diligence as required under V.T.C.A., Government Code, §554.005. Accordingly, Plaintiff's State claims are barred pursuant to §554.005.

14. Defendant would show that Plaintiff did not make a good faith report as is required by V.T.C.A., Government Code, §554.002 for the reason that Plaintiff was not making a "report,' but was following the directions of her superior in contacting the State agency concerning the outdated immunizations and serums, and was not making a good faith report of a violation of law. Accordingly, Plaintiff's State claims are barred pursuant to §554.002.

15. Even if Plaintiff were found to have made a report in good faith of a violation of law, Plaintiff's claims are barred because she would have been terminated based solely on information observation, or evidence that was not related to the fact that Plaintiff allegedly made a report of a violation of law. Accordingly, Plaintiff's State claims are barred pursuant to V.T.C.A., Government Code, §554.004(b).

16. Defendant would show that Plaintiff has failed to mitigate her damages.

17. Defendant pleads the cap on damages pursuant to V.T.C.A., Government Code, §554.003.

WHEREFORE, PREMISES CONSIDERED, Defendant Cameron County Health Department, the County of Cameron prays that, upon final trial hearing hereof, Plaintiff take

nothing by her suit and that Defendant recovers all cost incurred herein and that it have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully Submitted By:

CAMERON COUNTY'S
COMMISSIONERS COURT
CIVIL LEGAL DIVISION
964 East Harrison Street, Ste. 420
Brownsville TX. 78520
Telephone: 956.550.1345
Facsimile: 956.550.1348

Richard O. Burst
Tex. Bar No. 00785586
Federal ID #15515
Defendant's Attorney of Record
And
Dylbia L. Jefferies
Texas State Bar #00786515
Federal ID #17065
Of Counsel
And
John A. Olson
Texas State Bar #15274750
Federal ID #4034
Of Counsel

### CERTIFICATE OF SERVICE.

I certify that on 14 July 2004 a true and correct copy of Defendant Cameron County Health Department, the County of Cameron's Answer was mailed to Plaintiff's Counsel, Mr. David R. Joe, c/o Brewer Anthony Middlebrook Burley & Dunn, P.C., 1702 E. Tyler St., Ste. 1, Harlingen TX 78550 by certified mail, return receipt requested.

John A. Olson

C:\mata.ans, 7/13/2004, 4:02 PM

Answer to Plaintiff's Original Petition – 4