UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BELINDA MATA, Plaintiff | § | |
| | § | |
| V. | § | CASE NO. B-04-092 |
| | § | |
| CAMERON COUNTY HEALTH | § | |
| DEPARTMENT, THE COUNTY OF | § | |
| CAMERON, Defendant | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   **Response:** The meeting was held by telephone on August 5, 2004. The parties were represented as follows:

   Representing Belinda Mata, Plaintiff:

   Mr. David R. Joe
   Brewer Anthony Middlebrook
   Burley & Dunn, P.C.
   1702 E. Tyler St., Ste. 1
   Harlingen, Texas 78550

   Representing Defendant Cameron County

   Mr. Richard O. Burst, Attorney in Charge
   Commissioners' Court
   Civil Legal Department
   964 East Harrison Street
   Brownsville, Texas 78520
   (956) 550-1345

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **Response:** None.

3. Specify the allegation of federal jurisdiction.

   **Response:** Federal Question - First Amendment, Freedom of Speech. 28U.S.C.A. §1331

4. Name the parties who disagree and the reasons.

   **Response:** None

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **Response:** None

6. List anticipated interventions.

   **Response:** None

7. Describe class-action issues.

   **Response:** None

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Response:** The parties agreed to make Initial Disclosures no later than August 25, 2004.

9. Describe the proposed agreed discovery plan, including:

   **Response:**

   A. Responses to all the matters raised in Rule 26(f).

   **Response:** See Responses to 9B through 9H below.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   **Response:** Plaintiff anticipates sending interrogatories to Defendants within 90 days of the pretrial conference.

    C.    When and to whom the defendant anticipates it may send interrogatories.

**Response:** Defendant has sent interrogatories to Plaintiff.

    D.    Of whom and by when the plaintiff anticipates taking oral depositions.

**Response:** Plaintiff anticipates deposing supervisory personnel involved in her termination as well as the Texas Department of Health.

    E.    Of whom and by when the defendant anticipates taking oral depositions.

**Response:** Plaintiff and all experts designated by Plaintiff. Plaintiff's will be taken within 90 days after the initial pretrial conference. Experts will be deposed within 45 days of designation.

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**Response:** Defendant will designate thirty days after deposing Plaintiff's designated experts.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Response:** Plaintiff does not presently anticipate designation of an expert witness. Plaintiff will depose defendants' expert within 90 days of designation.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Response:** Defendant will take Plaintiff's experts' deposition no later than 45 days after designation by Plaintiff.

10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Response:** None.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

**Response:** Defendant has sent interrogatories, request for production and request for admissions.

12. State the date the planned discovery can reasonably be completed.

   **Response:** May 30, 2005

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   **Response:** After Defendant has deposed Plaintiff and completed written discovery settlement discussion may be possible.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

   **Response:** Plaintiff has offered to commence discursion once defendant has become familiar with the facts.

Defendant's attorneys have investigated the facts and researched the law concerning Plaintiff's claims. After sufficient discovery Defendant will file dispositive motions to resolve liability issues as early as possible.

15. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

   **Response:** This case may be suitable for mediation after discovery is substantially completed and a ruling is obtained on dispositive motions.

Plaintiff does not believe that the parties need to wait for a ruling on a "Dispositive Motion" of the Defendant's, but will obviously prepare to carry her burden of proof and discuss settlement if and when Defendant can do so in good faith.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   **Response:** The parties do not agree to a trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

   **Response:** No demand made. Plaintiff will demand a trial by jury. Defendant does not agree to a jury trial.

18. Specify the number of hours it will take to present the evidence in this case.

   **Response:** Three days.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **Response:** None.

20. List other motions pending.

    **Response:** None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Response:** None.

22. List names, bar number, addresses and telephone numbers of all counsel.

_____  
Mr. David R. Joe  
State Bar No.: 24003872  
Federal Bar No.: 34002  
Counsel for Plaintiff Belinda Mata  
Brewer Anthony Middlebrook  
Burley & Dunn, P.C.  
1702 E. Tyler St., Ste. 1  
Harlingen, Texas 78550  
Office No.:    (956) 428-5500  
Facsimile No.: (956) 428-5518  

8/9/04  
Date  

_____  
Mr. Richard O. Burst, Attorney in Charge  
State Bar No.: 00785586  
Federal Bar No.: 15515  
Counsel for Defendant Cameron County  
Commissioners' Court  
Civil Legal Department  
964 East Harrison Street  
Brownsville, Texas 78520  
Office No.:    (956)550-1345  
Facsimile No.: (956)550-1348  

8/9/04  
Date