

United States District Court
Southern District of Texas
FILED

APR 1 1 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BELINDA MATA
    Plaintiff,

v.                                CIVIL ACTION NO. B-04--092

CAMERON COUNTY HEALTH DEPARTMENT,
THE COUNTY OF CAMERON
    Defendant.

## PLAINTIFF BELINDA MATA'S MOTION TO CHANGE THE SCHEDULING ORDER TO REFLECT A TRIAL BY JURY UNDER FEDERAL RULES OF CIVIL PROCEDURE 38, 39, AND 81

**TO THE HONORABLE JUDGE OF SAID COURT:**

    Plaintiff, BELINDA MATA moves this Court to Amend the Scheduling Order from its current Bench Trial setting to Jury Trial. In support thereof, Plaintiff respectfully shows this Court that:

1)    Plaintiff, BELINDA MATA originally filed her lawsuit in State District Court, wherein she demanded a jury trial. In relevant part, Plaintiff's Prayer said the following:

> "**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Belinda Mata, respectfully prays for the following relief from Defendant:
>
> a. That this Court take jurisdiction of this matter;
>
> b. **That this Court grant a trial by jury;**"
>
> (emphasis added)

2) Defendant was served with the lawsuit, and Defendant removed the case to federal court.

3) Defendant apparently did not request a jury trial in filing the Notice of Removal, but Plaintiff already had in State Court.

4) If Federal Rule of Civil Procedure 81 has been complied with, that constitutes a jury demand under Rule 38. Federal Rule of Civil Procedure 81(c) has been analyzed in the Fifth Circuit as follows:

> Jury trial requests in removed cases are governed by Fed.R.Civ.P. 81(c). The rule sets out three ways in which jury trials may be had. First, a rule 38 demand may be served by the nonpetitioner within ten days after notice of filing of the removal petition. *Second, an express demand previously made in state court preserves the jury trial right and need*

*not be repeated.* Third, if state law would accord a jury trial without express demand, the parties are entitled to a jury trial and need not make the separate demand required by rule 38 unless the district judge directs them to do so. *HOUSTON NORTH HOSPITAL PROPERTIES, et al., Plaintiffs-Appellants, v. TELCO LEASING, INC., et al., Defendants-Appellees,* 688 F.2d 408, (5th Cir. 1982).

5) Acceptable wording for a request for a jury is liberally construed, and cases have clearly found that a jury demand such as appears in the Plaintiff's Petition suffices to preserve a jury trial by right after removal. Importantly, courts analyzing Rule 81 have also indicated that a plaintiff's payment of a jury fee in state court may also constitute an express demand for a jury trial, but there should be no assumption that both must have been done at the time of removal.

6) Plaintiff anticipates that Defendant will urge that both a jury demand and the payment of the jury fee were required in order to negate the need to ask for a jury trial again after removal under Federal Rule 81, because Texas Rule of Civil Procedure 216 states that a jury demand and also a jury fee

are required for a jury trial. Plaintiff had not yet paid her jury fee in the state court filing, but under Rule 216 she need not have already paid it in order to have complied with that rule for a jury trial, as the case had only recently been filed.

7) Several cases Plaintiff has reviewed analyze whether a jury demand was made in the original petition, and if finding that one was not - go on to state that no jury fee was paid either, suggesting that the payment of a jury fee would have sufficed even absent a proper reference to a jury demand. Certainly, if both a demand *and* fee payment were required, courts would not need to analyze at length whether a demand was properly made, which they do in their opinions, if the question was answerable by payment of the jury fee alone. The Plaintiff is aware of no authority for the proposition that both demand *and* payment are required to preserve the request under Federal Rule 81.

8) Federal Rule of Civil Procedure 39(b) provides for a jury trial at the discretion of the Court regardless of whether a

Plaintiff is entitled to a jury trial by right pursuant to a request under Rules 38 and 81. A Plaintiff may properly request a jury trial under Rule 39, which may be so ordered by the Court upon motion, and Rule 39 states no particular showing required for this to obtain.

9) Plaintiff contends there are good cause reasons for a jury trial:

   a) the case involves issues "best tried to a jury" 1) **the County is the Defendant in this case and the County is and should be directly responsible to its citizenry** 2) the case is a wrongful termination case requiring findings of fact most typically assigned to a jury; and,

   b) the Defendant has indicated a motion for summary judgment will be filed creating the dilemma where each side feels compelled go beyond merely disproving/proving a genuine issue of material fact, knowing that the pleadings will impact the ultimate finder of fact.

Respectfully submitted,
**BREWER ANTHONY MIDDLEBROOK & DUNN, P.C.**

BY: _____
David R. Joe
State Bar No. 24003872
Federal #34002
1702 E. Tyler Street, Ste. 1
Harlingen, Texas 78550
Telephone (956) 428-5500
Facsimile (956) 428-5518
ATTORNEY FOR BELINDA MATA

### CERTIFICATE OF CONFERENCE

I certify that the subject of this Motion was discussed with opposing counsel Richard Burst on the week of April 4, 2005, in accordance with the Federal Rules of Civil Procedure, and that no agreement could be reached obviating the need for this Motion to be filed.

_____
DAVID R. JOE

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion was served in accordance with the Federal Rules of Civil Procedure this ___11th___ day of April, 2005, on counsel of record:

Richard Burst. Esq.
Cameron County Commissioners'
Court, Civil Legal Division
964 E. Harrison Street
Ste. 420
Brownsville, TX 78520
Fax 956 550-1348

_____
DAVID R. JOE