UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 4 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BELINDA MATA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. B-04-092 |
| | ) | |
| CAMERON COUNTY HEALTH | ) | |
| DEPARTMENT, CAMERON COUNTY, | ) | |
| Defendant. | ) | |

### RESPONSE TO PLAINTIFF'S MOTION FOR JURY TRIAL

Defendant opposes Plaintiff's request for jury trial.

1. This case originated in state court.

2. Rule 216, Texas Rules of Civil Procedure reads:

   "a. **Request.** No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.

   b. **Jury Fee.** Unless otherwise provided by law, a fee of ten dollars if in the district court and five dollars if in the county court must be deposited with the clerk of the court within the time for making a written request for a jury trial. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet."

3. No jury fee was deposited with the state clerk of court under Rule 216(b). See, Plaintiff's Motion (Docket No. 14), paragraph 6, which states: "Plaintiff had not yet paid her jury fee in the state court filing. . . "; see, certified copy of docket sheet attached to the notice of removal (Docket No. 1); and see, attached certified copy of state court clerk's fee ledger..

4. Plaintiff agreed that a jury demand had not been made in the Joint Discovery/Case Management Plan (Docket No. 10), paragraph 17, which reads: "State whether a jury demand has been made and if it was made on time." "**Response:** No demand made. Plaintiff will demand a trial by jury. Defendant does not agree to a jury trial."

5.  Rule 81(c) reads in pertinent part: "A party who, prior to removal, has made an express demand for trial by jury **in accordance with state law**, need not make a demand after removal." (Emphasis added.)

6.  A demand" in accordance with state law", TRCP, Rule 216, requires both a timely demand and jury fee.

7.  No timely jury demand is before this Court.

8.  Lastly, the case cited by Plaintiff in support of her position actually supports the proposition that, in Texas, a jury fee must be paid before removal, for a state court jury trial request to be preserved after removal under FRCP, Rule 81(c). See, *Houston North Hospital Properties v. Telco Leasing, Inc.*, 688 F.2d 408, 410 (5th Cir. 1982).

WHEREFORE, Defendant prays Plaintiff's jury request be denied.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar No. 00785586
Federal Bar No. 15515

Dylbia L. Jefferies – Vega
Of Counsel
Texas State Bar #00786516
Federal Bar No. 17065

### CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Defendant's Response has been mailed, certified mail, return receipt requested, or faxed to the following on this 14th day of April, 2005:

David R. Joe
Brewer Anthony Middlebrook
Burley & Dunn, P.C.
1702 E. Tyler St., Ste. 1
Harlingen, Texas 78550

Richard O. Burst