United States District Court
Southern District of Texas
ENTERED
APR 2 5 2005
Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BELINDA MATA, | § | |
| PLAINTIFF, | § § § | |
| v. | § § § | C.A. NO. B-04-92 |
| CAMERON COUNTY, TEXAS, | § § § | |
| DEFENDANT. | § § | |

## ORDER AND OPINION

BE IT REMEMBERED that on April 25, 2005, the Court **GRANTED** Plaintiff's Motion to Change the Scheduling Order to Reflect a Trial by Jury Under Federal Rules of Civil Procedure 38, 39, and 81 [Dkt. No. 14].

Plaintiff originally filed this lawsuit in the 103rd Judicial District Court for Cameron County, Texas. In this original complaint, Plaintiff prayed for various forms of relief, including a request that the court "grant a trial by jury." Defendants timely removed the action to federal court. It is undisputed that prior to removal, Plaintiff had not yet paid the requisite fee in state court to obtain a trial by jury. The present dispute concerning whether Plaintiff timely requested a trial by jury arose because in the joint discovery/case management plan submitted to this Court[1] pursuant to Federal Rule of Civil Procedure 26(f) the parties indicated that no jury demand had been made. As a result of this representation, the Court entered a scheduling order setting this case for a bench trial. Upon receiving the scheduling order, Plaintiff filed the present request to

---

[1] Plaintiff provides no explanation for why this statement is included in the joint discovery/case management plan if Plaintiff is now arguing that in fact she did demand a jury in the state court prior to removal.

1

amend the scheduling order to reflect a trial by jury.

Plaintiff's basic argument is that despite the fact that she had not yet paid the fee to obtain a jury trial in state court, she nevertheless made a valid and timely demand for a trial by jury in her original complaint. Plaintiff argues this demand for a jury trial is effective in federal court after removal. Defendants argue in response that Plaintiff's request was not valid under Texas Rule of Civil Procedure 216 because both a request for a jury trial and a paid jury fee must be made at the time of removal, unless Plaintiff timely requests a jury trial in federal court. Thus, Defendants argue, Plaintiff has waived her right to a jury.

A party properly preserves it right to a jury trial in an action removed from state to federal court under Federal Rule of Civil Procedure 81(c):

> 1. by serving a Rule 38 jury demand within 10 days after notice of filing of the removal petition, or
> 2. by making an express demand for a jury trial in state court before the case was removed to federal court.

See Fed. R. Civ. P. 81(c); *Houston N. Hosp. Properties v. Telco Leasing, Inc.*, 688 F.2d 408, 409 (5th Cir. 1992). Hence, Rule 81(c) allows a party who, "prior to removal, made an express demand for trial by jury in accordance with state law," to rely on this demand without filing an additional demand in federal court after removal. Fed. R. Civ. P. 81(c). If a party does not meet the requirements of Rule 81(c), the Fifth Circuit has determined the right to jury trial is waived. *See, e.g., Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Serv.*, 925 F.2d 866, 873 (5th Cir. 1991) (citations omitted).

In order to determine whether Plaintiff made a proper express demand for a jury trial in state court, the Court must turn to Federal Rule of Civil Procedure 38. Rule 38(b)(2) states,

> [a]ny party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

In Texas, Civil Procedure Rule 216 sets forth the requirements for making a proper jury demand in a civil case tried in Texas courts. Rule 216(a) states, "no jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial, . . . but no less than thirty days in advance [of trial]." Tex. R. Civ. P. 216(a). Additionally, Rule 216 requires a party to pay "a fee to the clerk of the court within the time for making a written request for a jury trial." Tex. R. Civ. P. 216(b). See also Dawson v. Jarvis, 627 S.W.2d 444, 446 (Tex. App. –Houston [1st Dist.] 1981, writ ref'd n.r.e.). In this case, it is undisputed that Plaintiff complied with only one portion of the Rule 216 requirements. That is, Plaintiff made a demand for a jury trial in her original complaint, but she did not file the requisite fee. See, e.g., Hupp v. Siroflex of Am., Inc., 159 F.R.D. 29, 30 (S.D. Tex. 1994) (holding that placement of simple notation "jury demanded" beneath the docket number on a complaint is sufficient to give notice that a jury trial was requested); Chapman Kleindienst, 507 F.2d 1246, 1253 (7th Cir. 1974) (holding that pro se litigant's exclusive reference to a jury in a paragraph within the body of his complaint sufficed to grant him a jury trial). In this case, Plaintiff clearly included a request for a jury trial in her prayer for relief, and this satisfies the requirement of Rule 38(b), which allows a jury request to be indorsed on a pleading.

Neither party cites the case this Court finds most persuasive, *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.2d 405, 415-16 (5th Cir. 2002).[2] In *Wyatt*, the Plaintiff requested a jury trial in her state court petition, but failed to post the required fee before the specified deadline. The Fifth Circuit held the Plaintiff did not waive her right to a jury trial by "her failure to post a bond as required by the state (but not federal) law" because the jury demand contained in the state court complaint satisfied Federal Rule 38(b). *Id.* at 415. The Court stated it could "find no authority for the proposition that a litigant in a removed action loses her right to a federal jury trial by any act or omission in connection with a state requirement that is not applicable in federal court." *Id.*

---

[2]*Wyatt* was removed from a Louisiana state court. The reasoning of the decision nevertheless applies to the present case, which was removed from a Texas state court.

3

Moreover, the Fifth Circuit stated that Federal Rule of Civil Procedure 81(c) speaks in broad terms, and case law supports the view that parties need not file new jury demands in federal court if the jury demand filed in state court satisfies the federal requirements. *See id.*; *see also Mondor v. United States District Court for the Central District of California*, 910 F.2d 585, 586-87 (9th Cir. 1990) ("We therefore hold that, where a pre-removal jury demand would satisfy federal but not state requirements, that demand is incorporated into the federal record upon removal, and is deemed to satisfy Rule 38(b).") (cited with approval by *Wyatt*, 297 F.3d 405, 415 n.26).

In light of this case law, the Court finds that Plaintiff's prayer for a jury trial in her original state court complaint prior to removal was adequate to preserve her right to a jury in federal court. Case law supports this conclusion even though Plaintiff failed to pay the requisite fee to the clerk's office in the state court because an effective demand for a jury trial in federal court does not require the payment of a fee. The Court arrives at this conclusion despite Plaintiff's failure to state in the joint discovery/case management plan that Plaintiff had previously demanded a jury trial. Had Plaintiff been more diligent, stating clearly that a jury demand had already been made, her motion to change the scheduling order would likely have been unnecessary. The Court admonishes Plaintiff to be more careful in her submissions to the Court in the future.

The Court **GRANTS** Plaintiff's Motion to Change the Scheduling Order to Reflect a Trial by Jury Under Federal Rules of Civil Procedure 38, 39, and 81 [Dkt. No. 14].

DONE this 25th day of April, 2005, at Brownsville Texas.

_____
Hilda G. Tagle
United States District Judge