# EXHIBIT 2

Case 1:04-cv-00092   Document 18-3   Filed in TXSD on 06/10/2005   Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BELINDA MATA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. B-04-092 |
| | ) | |
| CAMERON COUNTY HEALTH | ) | |
| DEPARTMENT, CAMERON COUNTY, | ) | |
|     Defendant. | ) | |

### AFFIDAVIT OF YVETTE SALINAS

STATE OF TEXAS
COUNTY OF CAMERON

Before me, the undersigned notary public, on this day personally appeared Yvette Salinas, who is known to me, and first being duly sworn on her oath said:

1. My name is Yvette Salinas. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am the Health Administrator of the Cameron County Department of Health and Human Services. I am appointed by and serve at the discretion of the Cameron County Commissioners Court. As part of my duties the Commissioners Court has given me discretion to hire and fire employees of the Cameron County Health and Human Services Department. As Administrator I am a custodian of the records of the Cameron County Department of Health and Human Services.

3. The Cameron County Commissioners set employment policy. It is in written form in the Personnel Policies Manual of Cameron County Texas. Section 12.01 as it appears in the Policies Manual is attached as Exhibit 1 to my deposition in this case taken on April 4, 2005. Section 12.02 as it appears in the Policies Manual is attached as Exhibit 3 to my deposition in this case taken on April 4, 2005.

4.. Belinda Mata's, the Plaintiff in this case, first day of employment with the Cameron County Department of Health and Human Services was April 5, 2002.

5. Attached is a copy of a written warning notice dated April 18, 2002, which was placed in Belinda Mata's file. It is a warning to Belinda Mata based on not appearing for work on April 16th and not reporting to her supervisor until approximately 9:30 a.m. This warning was made and kept in the course of a regularly conducted business activity. It was the regular practice of the business activity to make the employee warning. The warning was made at or near the time

of the event that it records. And, the warning was made by, or from information transmitted by, a person with knowledge acting in the regular course of business.

6. Attached is a copy of a verbal warning documentation dated April 24, 2002, which was placed in Belinda Mata's file. It is a warning to Belinda Mata based on not appearing for work on April 23, 2002, and not reporting to her supervisor until her supervisor called her at approximately 8:45 a.m., and then not reporting for work at all. This warning was made and kept in the course of a regularly conducted business activity. It was the regular practice of the business activity to make the employee warning. The warning was made at or near the time of the event that it records. And, the warning was made by, or from information transmitted by, a person with knowledge acting in the regular course of business.

7. On April 18th, Belinda Mata was given her supervisor's cellular numbers for both work and personal phones. She was specifically advised to telephone her supervisor, Esmeralda Guajardo, of any intended absence or tardiness.

8. On April 24th, Belinda Mata was informed that April 23rd was her second incident in which she failed to call in to inform that she would be late or absent. She was told that if a third incident was to occur, she would be terminated.

9. I am the only person in the Cameron County Department of Health and Human Services with authority to terminate Health and Human Services Department employees.

10. On June 4, 2002, Belinda Mata, left a note on the front door that she would be late for work. She did not contact her supervisor, even thought she was told to do so and given her supervisor's cell phone number in the April 18th warning notice she signed.

11. I had two problems with leaving a note on the front door: 1) I did not want our employees to believe it was okay to leave a note on the door and not show up for work; and, 2) a note on the front door does not initiate two way communication between the employee and the supervisor.

12. I made the decision to terminate Belinda Mata on June 4, 2002, based on the fact that she had only been employed by the Health and Human Services Department for two months and June 4th was her third incident of failure to follow reporting policy after two prior warnings. I made the decision after I had reviewed the two attached warnings, and on the recommendation of her immediate supervisor, Esmerlda Guajardo.

13. Attached are copies of budgetary transfers concerning Belinda Mata that I first made on June 3, 2002, and than corrected on June 3, 2002. The purpose was to change the fund from which Belinda Mata would be paid in the future. These budgetary transfers were made and kept in the course of a regularly conducted business activity. It was the regular practice of the business activity to make budgetary transfers. The budgetary transfers were made at or near the time of the event that it records. And, the budgetary transfers were made by, or from information transmitted by, a person with knowledge acting in the regular course of business.

Further affiant saith not.

_____
Yvette Salinas

BEFORE ME, the undersigned notary public, on this day personally appeared Yvette Salinas, who, being first by me duly sworn, upon her oath deposed and said that she is the affiant that she has read the foregoing document and that the statements contained therein are within her personal knowledge and are true and correct, and I personally know or have verified the identity of the affiant by a current identification card or other document used by a state or federal government containing a photograph and the signature of the affiant.

SUBSCRIBED AND SWORN TO before me on this ___7th___ day of June, 2005, by the affiant.

_____
Notary Public
in and for the State of Texas

Commission expires: _10/27/08_

[seal]

IRENE GUERRA
Notary Public, State of Texas
My Commission Expires
OCT. 27, 2008

# CAMERON COUNTY
# WARNING NOTICE

__Belinda Mata__                                    __April 18, 2002__
(NAME                                                (DATE)

1. (X) Unreported Absence        10. ( ) Reporting Under the Influence of Alcohol
2. ( ) Tardiness                 11. ( ) Violation of Rules
3. ( ) Drinking on Duty          12. ( ) Defective Improper Work
4. ( ) Insubordination           13. ( ) Carelessness
5. ( ) Dishonesty                14. ( ) Destruction of Property
6. ( ) Failure to Obey Orders    15. ( ) Other
7. ( ) Fighting on Premises
8. ( ) Leaving Without Permission
9. ( ) Improper Conduct

**REMARKS:**       (Set forth all facts in detail)
On April 16, 2002, Ms. Mata did not appear at work and did not report her absence until approximately 9:30 a.m. As per Ms. Mata, her intentions were not to abandon her work responsibilities without notice; however, she did attempt to call me on the cell phone and did leave a message prior to her medication affecting her ability to stay awake. Ms. Mata was then not able to report to work until she awoke at approximately 9:30 a.m.

**GOAL:**
As this incident occurred within Ms. Mata's first month of employment with the Health Department, she was not familiar with the telephone numbers in order to contact a Health Department employee. During the conference with her on April 18, 2002, I provided Ms. Mata my cellular numbers of both my work and personal phones. I reminded Ms. Mata of the need to telephone me to notify me of any intended absence or tardiness. If necessary, I informed Ms. Mata she could also contact me the night before and let me know about the possibility of her absence/tardiness. Ms. Mata apologized for the confusion and stated she understands the policy and procedure if she does need to call in.

Signature of Assistant Health Administrator

I have read this Report:  _B Mata_  4/25/02
Signature of Employee

The above has been noted and is made a part of the above employee's record, as of this date.

000002

## CAMERON COUNTY
## VERBAL WARNING DOCUMENTATION

Belinda Mata                                                              April 24, 2002
(NAME)                                                                    (DATE)

**INCIDENT:**
On April 23, 2002, Ms. Mata did not appear at work and did not report her absence until approximately 8:45 a.m. when I called her on the cell phone. As per Ms. Mata, she stated she would be in at 10:00 a.m.. Ms. Mata failed to report to work at 10:00 and we did not hear from her until 1:08 p.m. when I received a message from Danny Cruz that Ms. Mata had called a few minutes earlier and she had stated that she would not be coming in to work.

**FOLLOW-UP:**
On April 24, 2002, I met with Ms. Mata and Martha Canas, Office Manager, to counsel Ms. Mata on this incident. I explained to Ms. Mata that this was the second incident in which she failed to call in to inform us that she would be late/absent and if a 3rd incident was to occur, it would lead to disciplinary action in terms of termination. Ms. Mata explained that she was having difficulty adjusting to day work as she is used to night work; however, I informed her that this position required an individual to be at the office during the day to address any concerns from Administration. I explained that as her position also requires contact with TDH and offices which operate during the standard working hours of 8:00 a.m. – 5:00 p.m., she needed to work within these constraints to accommodate them as well.

I reminded Ms. Mata that during a previous conference with her on April 18, 2002, I had provided Ms. Mata my cellular numbers to both my work and personal phones and that she needed to telephone me to notify me of any intended absence or tardiness. I, again, informed Ms. Mata that she could also contact me the night before and let me know about the possibility of her absence/tardiness. Ms. Mata apologized for the confusion and stated she understands the policy and procedure of calling in.

*Esmeralda Guajardo* (signature)
Esmeralda Guajardo, MAHS
Assistant Health Administrator

000003

*to  
Aud  
6/7/o*

## NOTICE OF TRANSFER

### BETWEEN DEPARTMENTS OR SLOTS

TO:      PAYROLL DEPARTMENT

_Belinda Mata_              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  
(Employee Name)              (Social Security Number)

has transferred from  
1.- 100-6300                      16  
2.- 240-6312 (NC)              2 (NC)  
_Communicable Dis. Cntr._  
(Fund/Department)             (Slot No.)

_LVN (NC)_  
(Job Title)

TO:  
1.- 270-6292           15           CSA  
2.- 240-6312            2            LVN  
(Fund/Department)    (Slot No.)    (Job Title)

                          3,000.00  
with an annual salary of: $ _24,000.00_ effective _6-1-02_  
              = $27,000.00

_____  
(Department Head Signature)

_6/3/02_  
(Date)

REMARKS:



**COPY**

## NOTICE OF TRANSFER

### BETWEEN DEPARTMENTS OR SLOTS

*Form 6/11/02*

TO:    PAYROLL DEPARTMENT

_Belinda Mata_    _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_
(Employee Name)            (Social Security Number)

has transferred from:
1. 100-6300                    16
2. 240-6312 (NC)               2 (NC)
   (Fund/Department)          (Slot No.)

_Communicable Diseases_
_L.V.N. (NC)_
(Job Title)

TO:
1. 270-6292-15000    15.    CSH
2. 240-6312  24,000   2     LVN
   (Fund/Department)   (Slot No.)    (Job Title)

                          3,000.00   15,600.
with an annual salary of: $ 24,000.00 effective 6-1-02
                          = $27,000.00
                                               6/31/02

⊙⊙⊙⊙⊙⊙⊙⊙⊙⊙    _____
                   (Department Head Signature)

630-257-034        6/3/02
                   (Date)

REMARKS:
24-6312-  88.89%
27-6292   11.11%

000041    6/13/02
          8093