UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 0 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BELINDA MATA, Plaintiff | § | |
| | § | |
| V. | § | CASE NO. B-04-092 |
| | § | |
| CAMERON COUNTY HEALTH | § | |
| DEPARTMENT, THE COUNTY OF | § | |
| CAMERON, Defendant | § | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas  78520
Telephone:  (956) 550-1345
Facsimile:  (956) 550-1348

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar No. 00785586
Federal Bar No. 15515

Dylbia L. Jefferies – Vega
Of Counsel
Texas State Bar #00786516
Federal Bar No. 17065

1

I.

PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.  Do not take notes.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case--the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other

2

source. In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. 1.1

## II.

## CAUTIONARY INSTRUCTIONS

### FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.1**

4

# III

## STIPULATED TESTIMONY

The parties have agreed or stipulated that [e.g., if _____ were called as a witness he would testify that _____]. The agreement is that would be [_____'s] testimony if called as a witness. You should consider that testimony in the same way as if it had been given here in court, and give it the value you believe it deserves.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.2**

# IV.

## STIPULATIONS OF FACT

The parties have agreed, or stipulated, that [_____]. This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.3**

## V.

## BENCH CONFERENCES AND RECESSES

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.7**

## VI.

### DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.11**

## VII.

### INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you [this charge and] the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.12**

9

## VIII.

### BIAS–GOVERNMENT ENTITY PARTY INVOLVED

**Do not let bias, prejudice or sympathy play any part in your deliberations. A government entity and all other persons are equal before the law and must be treated as equals in a court of justice.**

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.13**

## IX.

## LIMITING INSTRUCTION

**You will recall that during the course of this trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony [and documents] as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. [Specific limiting instructions may be repeated as appropriate.]**

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.15**

## X.

## IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, that was different from the testimony he gave at the trial.[2]

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. 2.16

# XI.

## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.18**

13

## XII.

### BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.20**

14

## XIII.

## CAUTIONARY INSTRUCTION ON DAMAGES

**You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.**

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **2.22**

15

## XIV.

## GENERAL INSTRUCTIONS FOR CHARGE

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself

16

whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness--is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

17

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. **3.1**

## XV.

## CIVIL RIGHTS--42 USC SECTION 1983 (ADVERSE EMPLOYMENT DECISION-- EXERCISE OF FIRST AMENDMENT RIGHTS)

The plaintiff claims that while the defendant was acting under color of authority of the State of Texas, as the Cameron County Health Department Administrator, she intentionally violated the plaintiff's constitutional rights. The plaintiff claims that when the defendant discharged the plaintiff from employment because of the plaintiff's exercise of the right of free speech, the defendant deprived her of her rights under the First Amendment of the Constitution.

The First Amendment of the Constitution of the United States gives every citizen the right to freedom of speech, which includes one of plaintiff's work duties of reporting expired vaccine to the Texas Department of Health within the scope and authority of her employment with defendant.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates the plaintiff's rights under the Constitution of the United States.

Thus, the plaintiff must prove by a preponderance of the evidence each of the following:

1. That the actions of the defendant(s) were "under color" of the authority of the State of Texas;

2. That the plaintiff's speech activities were Constitutionally "protected" under the First Amendment;

3. That the plaintiff's exercise of protected First Amendment rights was a substantial or motivating factor in the defendant's decision to discharge the plaintiff from employment;

4. That the defendant's acts were the proximate or legal cause of the plaintiff's damages.

State or local officials act "under color" of the authority of the State when they act within the limits of their lawful authority. However, they also act "under color" of the authority of the State when they act without lawful authority or beyond the bounds of their lawful authority if their acts are done while the officials are purporting or pretending to act in the performance of their official duties. An official acts "under color" of the state authority if he abuses or misuses a power that he possesses only because he is an official.

To prove that his speech activities were a substantial or motivating factor in the defendant's decision,

19

the plaintiff does not have to prove that those speech activities were the only reason the defendant made the decision. The plaintiff need only prove that the speech activities were a substantial consideration that made a difference in or influenced the defendant's decision.

The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damage plaintiff suffered. An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you find that the plaintiff has established each element of his claim, you must then decide whether the defendant have shown by a preponderance of the evidence that she would have dismissed the plaintiff for other reasons even if plaintiff had not exercised her protected speech activity. If you find that the defendant would have dismissed the plaintiff for reasons apart from the speech activity, then your verdict should be for the defendant.

If you find for the plaintiff and against the defendant on their defense, you must then decide the issue of the plaintiff's damages.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. 10.4

## XVI.

### CONSIDER DAMAGES ONLY IF NECESSARY

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. 15.1

## XVII.

## COMPENSATORY DAMAGES

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole--that is, to compensate the plaintiff for the damage that the plaintiff has suffered.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. 15/2

22

## XVIII.
## CALCULATION OF PAST AND FUTURE DAMAGES

A. Damages Accrued

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate her for any damages she has suffered to date.

B. Calculation of Future Damages

Future damages will be determined by the Judge, not the jury. See, *Thomas v. Texas Dept. of Criminal Justice*, 297 F.3d 361, 366-67 (5th Cir. 2002; and *Walther v. Lone Star Gas Company*, 952 F.2d 119, 127 (5th Cir. 1992).

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. 15.3 (Except "future damages" as cited to cases immediately above.)

23

# XIX.

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate--to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTIONS, No. 15.15

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348

BY:
Richard O. Burst
Attorney In Charge
Texas State Bar No. 00785586
Federal Bar No. 15515

Dylbia L. Jefferies – Vega
Of Counsel
Texas State Bar #00786516
Federal Bar No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Defendant's Proposed Jury Instructions has been hand delivered to the following on this 10th day of August, 2005:

David R. Joe
Brewer Anthony Middlebrook
Burley & Dunn, P.C.
1702 E. Tyler St., Ste. 1
Harlingen, Texas 78550

Richard O. Burst

25