United States District Court
Southern District of Texas
FILED

AUG 10 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BELINDA MATA, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| | § | |
| CAMERON COUNTY HEALTH | § | CIVIL ACTION NO. B-04-092 |
| DEPARTMENT, THE COUNTY OF | § | |
| CAMERON | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S PROPOSED INSTRUCTIONS WITH AUTHORITY**

**PRESENTED ON SEPARATE PAGES PURSUANT TO COURT RULE 8**

I. **INSTRUCTION NUMBER 1**

P 87.03 42 U.S.C. § 1983

**1. General Instructions**

**Instruction 87-65 The Statute**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (*or* other entities) who have been deprived of their constitutional (*or statutory*) *rights under color of state law.*

Section 1983 of Title 42 of the United States Code states:
Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof *to the deprivation of any rights, privileges or immunities secured by the* Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Authority**

**United States Supreme Court:** Gonzaga Univ. v. Doe, -- U.S. --, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002).

Page 1

ORIGINAL

## II. INSTRUCTION NUMBER 2

**Instruction 87-66 Purpose of the Statute**

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

**Authority**

**United States Supreme Court:** *Gonzaga Univ. v. Doe, -- U.S. --, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)* ; *Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)* ; *Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)* ; *Mitchum v. Foster, 407 U.S. 225, 92 S. Ct. 2151, 32 L. Ed. 2d 705 (1972)* ; *Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961)* .

### III.     INSTRUCTION NUMBER 3

**Instruction 87-94 Plaintiff's Allegations and the First Amendment**

The plaintiff alleges that the defendant deprived her of her right to freedom of speech under the First Amendment to the Constitution of the United States. (Specifically, the plaintiff alleges that, while a public employee working for the defendant, she engaged in one or 'more specific acts of speech (*or* expression) protected by the Free Speech Clause of the First Amendment, that the defendant then took specific action against the plaintiff, and that the plaintiff's acts of speech were the substantial or motivating factor in the defendant's decision to take such action.)

**Authority**

**United States Supreme Court:** *Rankin v. McPherson, 483 U.S. 378, 107 S. Ct. 2891, 97 L. Ed. 2d 315 (1987)* ; *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)* .

**Second Circuit:** *Phillips v. Bowen, 278 F.3d 103 (2d Cir. 2002).*

**Third Circuit:** *Armour v. County of Beaver, 271 F.3d 417 (3d Cir. 2001).*

**Fifth Circuit:** *Branton v. City of Dallas, 272 F.3d 730 (5th Cir. 2001).*

## IV.  INSTRUCTION NUMBER 4

**Instruction 87-95 Elements of the Plaintiff's Claim**

In order to prove her allegation against the defendant, the plaintiff must establish each of the following two elements of her claim: first, that the plaintiff's acts of speech (*or expression*) were protected by the Free Speech Clause of the First Amendment; and, second, that these acts of speech were a substantial or motivating factor in the defendant's decision to take action against the plaintiff.

**Authority**

**United States Supreme Court:** *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)*. Accord *Givhan v. Western Line Consolidated School Dist., 439 U.S. 410, 99 S. Ct. 693, 50 L. Ed. 2d 619 (1979)*.

**District of Columbia Circuit:** *Mazaleski v. Truesdell, 562 F.2d 701 (D.C. Cir. 1977)*.

**First Circuit:** *Rosaly v. Ignacio, 593 F.2d 145 (1st Cir. 1979)*.

**Second Circuit:** *Rookard v. Health & Hospitals Corp., 710 F.2d 41 (2d Cir. 1983)*.

**Third Circuit** *Feldman v. Philadelphia Housing Authority, 43 F.3d 823 (3d Cir. 1995); Bradley v. Pittsburgh Board of Education, 913 F.2d 1064 (3d Cir. 1990)* ; *Trotman v. Board. of Trustees of Lincoln University, 635 F.2d 216 (3d Cir. 1980)*, cert. denied, 451 U.S. 986 (1981).

**Fourth Circuit:** *Daulton v. Affeldt, 678 F.2d 487 (4th Cir. 1982)*.

**Fifth Circuit:** *Brown v. Texas A & M University, 804 F.2d 327 (5th Cir. 1986)* ; *Bueno v. City of Donna, 714 F.2d 484 (5th Cir. 1983)*.

## V.  INSTRUCTION NUMBER 5

**Instruction 87-96 First Element--The Plaintiff's Acts of Speech (or Expression) Were Protected--Factual Finding**

To establish the first element of her claim, the plaintiff must establish that her acts of speech (*or expression*) *were protected by the Free Speech Clause of the First Amendment.*

Before the plaintiff can establish the first element of her claim, you, the jury, must determine what, if anything, the plaintiff said (*or did*) to express herself. You have heard evidence regarding the acts of speech in which the plaintiff claims to have engaged. You must now consider that evidence as a whole, in light of your reason and experience, and decide what, if anything, the plaintiff said to express herself.

You may decide that the plaintiff engaged in all the acts of speech that she claims to have engaged in, some of those acts, or none of the acts at all. Should you decide that the plaintiff did express herself, you must decide what exactly she said. When you have decided what, if anything, the plaintiff said to express herself, I will ask you *to tell me the answer.*

**Authority**

**Fourth Circuit:** *Jones v. Dodson, 727 F.2d 1329 (4th Cir. 1984)*.

**Sixth Circuit:** Cockrel v. Shelby County Sch. Dist., 270 F.3d 1036 (6th Cir. 2001).

## VI.  INSTRUCTION NUMBER 6

**Instruction 87-97 First Element--The Plaintiff's Acts of Speech (or Expression) Were Protected--Conclusions of Law**

Now that you, the jury, have determined what it was that the plaintiff said (*or* did) to express herself, I, the judge, must determine whether that speech (*or* act of expression) is protected by the First Amendment. The question whether the plaintiff's speech is protected by the First Amendment is a question of law, and is not a question for you to consider.

I have decided that the Free Speech Clause of the First Amendment protects the following speech in which the plaintiff engaged: [describe or recite protected speech or conduct].

**Authority**

**United States Supreme Court:** *Connick v. Myers, 461 U.S. 138, 103 S. Ct. 1684, 75 L. Ed. 2d 709 (1983)*.

**Second Circuit:** *Phillips v. Bowen, 278 F.3d 103 (2d Cir. 2002)*; *Kaluczky v. City of White Plains, 57 F.3d 202 (2d Cir. 1995)*.

**Third Circuit:** *Pro v. Donatucci, 81 F.3d 1283 (3rd Cir. 1996)*; *Versage v. Township of Clinton New Jersey, 984 F.2d 1359 (3d Cir. 1993)*; *Czurlanis v. Albanese, 721 F.2d 98 (3d Cir. 1983)*.

**Fourth Circuit:** *Huang v. Board of Governors, 902 F.2d 1134 (4th Cir. 1990)*.

**Fifth Circuit:** *Branton v. City of Dallas, 272 F.3d 730 (5th Cir. 2001)*; *Wallace v. Texas Tech Univ., 80 F.3d 1042 (5th Cir. 1996)*; *Scott v. Flowers, 910 F.2d 201 (5th Cir. 1990)*; *Thompson v. City of Starkville, 901 F.2d 456 (5th Cir. 1990)*.

## VII. INSTRUCTION NUMBER 7

**Instruction 87-98 Second Element--The Plaintiff's Acts Were a Substantial or Motivating Factor in the Defendant's Action**

The second element of the plaintiff's claim is that her protected speech (*or act of expression*), [describe or recite protected speech or conduct], was a substantial or motivating factor in the defendant's decision to take action against her.

The plaintiff's protected speech was a substantial or motivating factor in the defendant's decision to take action against her if it played a substantial part in the actual decision to take action against the plaintiff.

The defendant may have taken action for no reason whatsoever. If so, then the plaintiff's protected speech (*or expression*) was not a substantial or motivating factor in the defendant's decision.

The defendant may have taken action for one sole reason. If that one sole reason was that the plaintiff said (*or did*) [describe or recite the protected speech or conduct] then you must find that the plaintiff's protected speech was a substantial or motivating factor in the defendant's decision.

The defendant may have taken action for many different reasons. If so, then you must determine whether one of those reasons was that the plaintiff said [describe or recite the protected speech or conduct]. If it was one of those reasons, then you must determine whether it played a substantial part in the actual decision to take action against the plaintiff. If it did play a substantial part, then you must find that the plaintiff's protected speech was a substantial or motivating factor in the defendant's decision.

**Authority**

**United States Supreme Court:** *Mt. Healthy City Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)*. Accord *Givhan v. Western Line Consolidated School Dist., 439 U.S. 410, 99 S. Ct. 693, 50 L. Ed. 2d 619 (1979)*.
**Second Circuit:** *Gierlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998)*.
**Third Circuit:** *Bradley v. Pittsburgh Board of Education, 913 F.2d 1064 (3d Cir. 1990)*; *Johnson v. Lincoln Univ., 776 F.2d 443 (3d Cir. 1985)*.
**Fourth Circuit:** *Jones v. Dodson, 727 F.2d 1329 (4th Cir. 1984)*.
**Sixth Circuit:** *Cockrel v. Shelby County Sch. Dist., 270 F.3d 1036 (6th Cir. 2001); Bailey v. Floyd County Board of Education, 106 F.3d 135 (6th Cir. 1997)*.
**Eighth Circuit:** *Buzek v. County of Saunders, 972 F.2d 992 (8th Cir. 1992)*.
**Tenth Circuit:** *Hom v. Squire, 81 F.3d 969 (10th Cir. 1996)*; *Schalk v. Gallemore, 906 F.2d 491 (10th Cir. 1990)*.
**Eleventh Circuit:** *Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554 (11th Cir. 1995)*.

## VIII. INSTRUCTION NUMBER 8

**Instruction 87-99 Employer's Affirmative Defense**

*If you find that the plaintiff's protected speech (or act of expression) was a substantial or motivating factor in the defendant's decision to take action against the plaintiff, you must consider whether the defendant has presented an adequate defense to the plaintiff's case.*

The defendant presents an adequate defense to the plaintiff's case if the defendant can show, by a preponderance of the evidence, that it would have reached the same decision to take action against the plaintiff even in the absence of the plaintiff's protected speech. In other words, the defendant must show by a preponderance of the evidence that it would have made the same decision without considering the plaintiff's protected speech.

If the defendant shows by a preponderance of the evidence that it would have reached the same decision without considering the plaintiff's protected speech, then you must find in favor of the defendant.

It is important for you to realize that the defendant has not presented an adequate defense if it shows merely that it had other, valid reasons for taking action against the plaintiff. It is a defense only if the defendant would have acted on those other reasons in the absence of the plaintiff's protected speech. Therefore, if the defendant offers other, valid reasons for taking action against the plaintiff, the defendant must further show that it would have acted on those reasons. Otherwise, it has not presented an adequate defense.

**Authority**

**United States Supreme Court:** *Mt. Healthy City School Dist. Board of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)*. Accord *Givhan v. Western Line Consolidated School Dist., 439 U.S. 410, 99 S. Ct. 693, 50 L. Ed. 2d 619 (1979)*.

**Third Circuit:** *Feldman v. Philadelphia Housing Authority, 43 F.3d 823 (3d Cir. 1995); Johnson v. Lincoln University, 776 F.2d 443 (3d Cir. 1985)*.

**Fifth Circuit:** *Kingsville Independent School Dist. v. Cooper, 611 F.2d 1109 (5th Cir. 1980)*.

**Sixth Circuit:** *Cockrel v. Shelby County Sch. Dist., 270 F.3d 1036 (6th Cir. 2001).*

**Seventh Circuit:** *Gooden v. Neal, 17 F.3d 925 (7th Cir. 1994).*

**Eighth Circuit:** *Praprotnik v. City of St. Louis, 798 F.2d 1168 (8th Cir. 1986)*.

**Tenth Circuit:** *Durant v. Independent School District No. 16, 990 F.2d 560 (10th Cir. 1993).*

## IX.    INSTRUCTION NUMBER 9

*(Plaintiff Believes 9-11 MAY NOT APPLY to this termination case but anticipates Defendant believes said law does, and if so Ruled upon provides the same)*

Instruction 87-81 Municipalities--General Instruction

The fact that an employee of a municipality deprived the plaintiff of a federal right is not alone a sufficient basis for holding the municipality liable to the plaintiff. Before you can hold the municipality liable, the plaintiff must establish by a preponderance of the evidence that the action of the employee which deprived her of her federal right was the result of an "official policy" of the municipality or a governmental custom, even though such a custom has not received formal approval through the body's official decision-making channels. Thus, before you can hold the municipality liable, you must be convinced that the acts in question were officially sanctioned or ordered by the municipality.

There is no requirement, however, that the action was taken pursuant to a long-standing or regularly applied policy of the municipality. A government frequently chooses a course of action tailored to a particular situation. Even if you determine that the particular policy was established for a single occasion, you may still find that it represented an official policy of the municipality, provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

**Authority**

**United States Supreme Court:** *Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)* ; *Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)* .
**Second Circuit:** *Katz v. Morganthau, 892 F.2d 20 (2d Cir. 1989)* .
**Fourth Circuit:** *Pachaly v. City of Lynchburg, 897 F.2d 723 (4th Cir. 1990)* .
**Fifth Circuit:** *Fields v. City of South Houston, 922 F.2d 1183 (5th Cir. 1991)* .

The Fifth Circuit has defined "official policy" as follows:
1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority."[10]

Page 9

## X.     INSTRUCTION NUMBER 10

*(Plaintiff Believes 9-11 MAY NOT APPLY to this termination case but anticipates Defendant believes said law does, and if so Ruled upon provides the same)*

Instruction 87-83 Municipalities--Practice and Custom

Whether an official practice or custom exists is a question of fact for you to determine. A practice or custom is a persistent, widespread course of conduct by municipal officials (or employees) that has become a traditional way of carrying out policy, and has acquired the force of law, even though the municipality has not formally adopted or announced the custom.

Authority

**United States Supreme Court:** *Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)* .

**First Circuit:** *Mahan v. Plymouth County House of Corrections, 64 F.3d 14 (1st Cir. 1995)* .

**Second Circuit:** *Vann v. City of New York, 72 F.3d 1040 (2nd Cir. 1995)* ; *Powell v. Gardner, 891 F.2d 1039 (2d Cir. 1989)* .

**Third Circuit:** *Groman v. Town of Manalapan, 47 F.3d 628 (3d Cir. 1995); Bielevicz v. Dubinon, 915 F.2d 845 (3d Cir. 1990)* .

**Fourth Circuit:** Jordan by Jordan v. Jackson, 15 F.3d 333 (4th Cir. 1994).

**Fifth Circuit:** *Eugene v. Alief Independent School District, 65 F.3d 1299 (5th Cir. 1995)* ; National Association of Government Employees v. City Public Service Board, 40 F.3d 698 (5th Cir. 1994).

## XI. INSTRUCTION NUMBER 11

*(Plaintiff Believes 9-11 MAY NOT APPLY to this termination case but anticipates Defendant believes said law does, and if so Ruled upon provides the same)*

**Instruction 87-84 Municipalities—Attributing the Policy, Practice or Custom to the Municipality**

The [governing body] of the municipality or an official or body to whom the [governing body] has delegated final policymaking authority [or who are given such powers by the municipal charter] are policymaking entities or officials whose actions can be said to represent a decision of the government itself. The [governing body] or the [policymaking official] may cause injury by direct orders, by ratifying a subordinate's decision and the basis for it, or by establishing a policy for municipal employees that, when followed by those employees, results in the injury.

I instruct you that [name particular officials or governmental bodies] are policymaking officials whose actions may be attributed to the municipality.

**Authority**

**United States Supreme Court:** *Board of the County Commissioners v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); City of Canton v. Harris, 489 U.S. 381, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)* ; *City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)* ; *Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)* ; *Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)* ; *Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)* .

**Fourth Circuit:** *Greensboro Professional Fire Fighters Ass'n v. City of Greensboro, 64 F.3d 962 (4th Cir. 1995)* ; *Dotson v. Chester, 937 F.2d 920 (4th Cir. 1991)* .

**Fifth Circuit:** *Guidry v. Broussard, 897 F.2d 181,* reh'g denied, 902 F.2d 955 (5th Cir. 1990) .

## XII. INSTRUCTION NUMBER 12

**Instruction 87-87 Compensatory Damages**

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of the conduct of the defendant.

You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983. That is, you may not simply award actual damages for any injury suffered by plaintiff—you must award actual damages only for those injuries that are a direct result of actions by this defendant and that are a direct result of conduct by defendant which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

**Authority**

**United States Supreme Court:** *Memphis Community School District v. Stachura, 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986)* ; *Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983)* ; *Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)* .

**First Circuit:** *Davet v. Maccarone, 973 F.2d 22 (1st Cir. 1992)* .

**Second Circuit:** *Amato v. City of Saratoga Springs, 170 F.3d 311 (2d Cir. 1999)* ; Gibeau v. Nellis, 18F.3d 107 (2nd Cir. 1994).

**Third Circuit:** *Batista v. Weir, 340 F.2d 74 (3d Cir. 1965)* .

**Fifth Circuit:** *Silor v. Romero, 868 F.2d 1419 (5th Cir. 1989)* ; *Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980)* .

## XIV. INSTRUCTION NUMBER 14

**Instruction 87-89 Causation and Damages**

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendant deprived the plaintiff of her rights in violation of section 1983, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that she claims to have suffered.

(The defendant may avoid damages if she can show that, even absent the deprivation of procedural due process alleged by the plaintiff, he, the defendant, would have reached the same decision with regard to the plaintiff and, therefore, that, even absent the deprivation of procedural due process alleged by the plaintiff, the plaintiff would have suffered the same harm. The burden is on the defendant to prove that she would have reached the same decision at the time of the violation of the plaintiff's rights; the defendant may not rely upon factors discovered by her after the decision was made to prove that she would have reached the same decision at the time of the violation.)

(If you find that the damages suffered by the plaintiff were partly the result of conduct by the defendant that was legal and partly the result of conduct by her that was illegal, you must apportion the damages between the legal and illegal conduct-- that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.)

**Authority**

**United States Supreme Court:** <u>Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)</u> ; <u>Mount Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)</u> .

## XIII. INSTRUCTION NUMBER 13

**Instruction 87-88 Damages for the Mere Fact of Violation**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

**Authority**

**United States Supreme Court:** *Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)*.

**First Circuit:** *Davet v. Maccarone, 973 F.2d 22 (1st Cir. 1992)*.

**Second Circuit:** *Amato v. City of Saratoga Springs, 170 F.3d 311 (2d Cir. 1999)*; *LeBlanc-Sternberg v. Fletcher, 67 F.3d 412 (2nd Cir. 1995)*, cert. denied, -- U.S. --, 116 S. Ct. 2546, 135 L. Ed. 2d 1067 (1996); *Gibeau v. Nellis, 18 F.3d 107 (2nd Cir. 1994)*.

**Fifth Circuit:** *Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980)*.

## XV. INSTRUCTION NUMBER 15

**Instruction 87-90 Mitigation of Damages**

**If you find that the plaintiff was injured as a natural consequence of conduct by the defendant in violation of section 1983, you must determine whether the plaintiff could thereafter have done something to lessen the harm that she suffered. The burden is on the defendant to prove, by a preponderance of evidence, that the plaintiff could have lessened the harm that was done to her, and that she failed to do so. If the defendant convinces you that the plaintiff could have reduced the harm done to her but failed to do so, the plaintiff is entitled only to damages sufficient to compensate her for the injury that she would have suffered if she had taken appropriate action to reduce the harm done to her.**

**Authority**

**Second Circuit:** *Miller v. Lovett, 879 F.2d 1066 (2d Cir. 1989)*.

**Sixth Circuit:** *Meyers v. City of Cincinnati, 14 F.3d 1115 (6th Cir. 1994).*

**Seventh Circuit:** *Fleming v. County of Kane, 898 F.2d 553 (7th Cir. 1990)*.

**Eighth Circuit:** *Jackson v. Wheatley, 464 F.2d 411 (8th Cir. 1972)*.

Respectfully submitted,

BREWER ANTHONY & MIDDLEBROOK, P.C.

By: _____

David R. Joe. Admitted to the
United States District Court,
Northern and Southern Districts of Texas
Texas Bar No. 24003872
Federal Bar No. 34002
1702 E. Tyler Street
Suite 1
Harlingen, TX 78550
Office: (956) 428-5500
Fax: (956) 428-5518
**ATTORNEY FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the Attorneys of Record of all parties to the above cause in accordance with Rule 5, Federal Rules of Civil Procedure, on the __10th__ day of August 2005, as follows:

**VIA HAND DELIVERY**

Richard Burst
Civil Legal Department
Commissioners Court
964 East Harrison Street
Brownsville, TX 78520.

_____
DAVID R. JOE