United States District Court
Southern District of Texas
FILED

AUG 10 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BELINDA MATA, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| | § | |
| CAMERON COUNTY HEALTH | § | CIVIL ACTION NO. B-04-092 |
| DEPARTMENT, THE COUNTY OF | § | |
| CAMERON | § | |
| | § | |
| Defendant. | § | |

## JOINT PRETRIAL ORDER

### I.   APPEARANCE OF COUNSEL

A)   Plaintiff Belinda Mata:

David R. Joe.
Texas Bar No. 24003872
Federal Bar No. 34002
1702 E. Tyler Street
Suite 1
Harlingen, TX 78550
Office: (956) 428-5500
Fax: (956) 428-5518

B)   Defendant Cameron County:

Richard Burst, Attorney in Charge
Texas Bar No. 00785586
Southern District ID No. 15515
Dylbia Jefferies Vega, Of Counsel
Texas Bar No. 00786516

Page 1

ORIGINAL

Southern District ID No. 17065
34 E. Harrison Street
Suite 420
Brownsville, TX 78520
Phone: 550-1345

## II. STATEMENT OF THE CASE

A) This is a wrongful termination case brought by a former employee of the Cameron County Health Department. The Plaintiff is Belinda Mata, an LVN nurse, who was hired as the Department's Immunizations Program Supervisor on or about April 5, 2002. The Plaintiff believes that she was fired because she took it upon herself to report dozens and dozens of expired vaccines and immunizations, (hereinafter the "medications") up to the Texas Department of Health, in Austin, Texas and because her supervisors harbored resentment against the Plaintiff for involving the Texas Department of Health and communicating directly with the State in a way that placed her somewhat outside the chain of command. Further, some tension developed because the Plaintiff received conflicting instructions from her supervisors and the State. The Plaintiff claims her dialogue with State employees in Austin was protected speech, and that her termination resulted from her exercise of freedom of speech on a matter of public concern, which is protected under the U.S. Constitution.

B) The Defendant is Cameron County, Texas, "County". County claims that Yvette Salinas is not a policy maker, but is the Cameron County Health Administrator, appointed by and serving at the pleasure of the Cameron County Commissioners Court. County claims that Ms. Salinas terminated Plaintiff's employment for a legitimate reason based on policy established by the Cameron County

Commissioners Court. And, the County claims that no conduct of Plaintiff was protected by the First Amendment. Plaintiff's alleged protected speech was reporting expired vaccine to the Texas Department of Health in the course of her employment doing what she was hired to do and made to the Agency (Texas Department of Health) that provided the vaccine to Cameron County under a contract with the County.

### III.   JURISDICTION

A)   The Parties agree that a federal question is presented reposing jurisdiction with this Court.

### IV.   MOTIONS

A)   Defendant's Motion for Summary Judgment is pending;

B)   Plaintiff's Motion for Mediation is pending.

### V.   CONTENTION OF THE PARTIES

**Plaintiff's contentions:**

A)   Plaintiff claims she was a public employee and wrongfully terminated from her employment in violation of the First Amendment *pursuant to Section 1983*.

F) The Plaintiff diligently logged her findings and part of her assignment included discussing how to best accomplish this with persons in other agencies. The Plaintiff was herself a new employee, and she received limited help from her supervisors who gave very little guidance.

G) The Plaintiff was not told to call the Texas Department of Health, in Austin, Texas, but neither did she believe that she could not, or that it might be held against her if she did. The Plaintiff ultimately called the Texas Department of Health, in Austin, Texas because she was concerned as both a citizen and employee that it should be aware of the problem and was not, and because she sought more definitive instructions. The State was both very interested and instructive in this matter.

H) The Plaintiff's ongoing contact with outside persons was not secretive, but at the same time no one ventured to participate in the conversations the Plaintiff was having. The Plaintiff began to be treated as if she worked as an independent agent and a guarded distance developed between her and others whose instructions were clearly within the internal chain of command.

I) The Plaintiff contends that her supervisors became weary of her and at some point in time around her involvement with the State, evidently determined that her employment would be short term and limited to the finding of a convenient excuse to terminate her.

J)  Only in litigation was it explained to the Plaintiff that the Cameron County Health Department claims it fired the Plaintiff because, during pre-business hours of the morning of June 4, 2002, the Plaintiff left a note at the front door entrance saying that she would be coming in later that morning instead of calling her employer to say the same thing, but Plaintiff claims that reason is a mere pretext, and no reason for the termination was told to the Plaintiff at the time it happened.

K)  The Plaintiff did come in that morning just as she had notified she would do in her letter. The Plaintiff worked most of that day without incident and she finished her long-term project of inventorying expired medications, which she had been working on for a number of weeks.

L)  At the end of that day and to her surprise, was told she was fired and she was jeered until she left. The Plaintiff contends that the County was looking for a reason to fire her and that any technical difference between a note and a call was not the real reason she was fired.

**Defendant's contentions:**

A)  County contends that Plaintiff's rights, privileges, and immunities secured under the Constitution or laws of the United States have not been violated by any action of Defendant County. Yvette Salinas is not a policy maker for Cameron County Texas. ". . . [A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by it s lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury

Page 6

that the government as an entity is responsible under Section 1983." *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.E.2d 452 (1978). Ms. Salinas is an appointed department head given discretion to hire and fire employees without also being the county official responsible for establishing county policy. See, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-83; 106 S.Ct. 1292, 1298-1301, 89 L.Ed.2d 452 (1986)

B)   Even if Plaintiff's speech is protected, which is not admitted, County had a legitimate reason for terminating Plaintiff's employment. The Commissioners Court has a written policy which states that disciplinary action may be taken if an employee is absence without leave, including failure to notify a supervisor of sick leave and repeated tardiness or early departure. Plaintiff was employed for two months and during that time she received a written warning and a verbal warning for failure to notify her supervisor of intended absence or tardiness. Plaintiff had a County telephone and was given her supervisors work and home cellular phone numbers. In the second warning Plaintiff was informed she could be terminated if she failed to call in to notify her supervisor that she was going to be late or tardy again. The third time she was terminated. See, *Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

C)   Plaintiff's speech is not protected speech under the First Amendment. Plaintiff was hired as the immunization program supervisor. Her duties included overseeing the immunization contract (grant) with the Texas Department of Health. Inventorying the vaccine on hand was part of Plaintiff's job. The return of the expired vaccine to the Texas Department of Health "TDH" was handled by Plaintiff, including contacting TDH to determine what to do with the expired vaccine. See,

*Bradshaw v. Pittsburg I.S.D.*, 207 F.3d 814, 816 (5th Cir. 2000); *Teague v. City of Flower Mound*, 179 F.3d 377, 381 (5th Cir. 1999); and *Gillum v. City of Kerrville*, F.3d 117, 121 (5th Cir. 1993).

D) Defendant claims that Plaintiff has failed to mitigate her damage, if any. See for instance, *Sellers v. Delgado College*, 902 F.2d 1189, 94 (5th Cir. 1990).

## VI.   ADMISSION OF FACT

A) Plaintiff was a County employee.

B) The Defendant's expired vaccines constituted a breach of contract with the State Department of Health.

C) Yvette Salinas fired the Plaintiff.

D) Yvette Salinas spoke to legal counsel before firing the Plaintiff.

E) Plaintiff was neither told nor prevented from calling the State Health Department in Austin, Texas.

F) Plaintiff did engage the State and did receive instructions from the State Health Department in Austin, Texas.

G) Before Plaintiff was terminated there had been some dispute as to how the inventory should be completed.

H) Plaintiff did leave a note on the front door before her late arrival and the note was received by the supervisor.

I) Defendant has no written policy that distinguishes between notice by phone and a note.

J) Defendant issued Plaintiff a County cell phone.

K)   Plaintiff's first day of employment with Cameron County was April 5, 2002.

L)   Plaintiff's last day of employment with Cameron County was June 4, 2002.

M)   Plaintiff was given a written warning in late April 2002 for being tardy without notice to her supervisor.

N)   In the April 2002 written warning Plaintiff was told to telephone her supervisor to notify her of intended absence or tardiness.

O)   In the April 2002 written warning Plaintiff was given the home and work cell phone numbers of her supervisor.

P)   Plaintiff signed the April 2002 written warning.

Q)   Subsequent to the written warning in April of 2002, Plaintiff was given a verbal warning in April 2002 for being absent or tardy without notice.

R)   The Cameron County written employment policy was adopted by the Cameron County Commissioners Court.

S)   On June 4, 2002, Plaintiff was late for work.

T)   On June 4, 2002, or before June 4, 2002, Plaintiff did not telephone her supervisor to inform her supervisor that she was going to be late for work on June 4, 2002.

## VII.    CONTESTED ISSUES OF FACT

A)   The Plaintiff was resented for her protected speech.

B)   Plaintiff was the person who first questioned the expired medications in the Defendant's building.

C) The Defendant's expired medications were embarrassing and ultimately the responsibility of the Director, Yvette Salinas.

D) The Plaintiff's being allowed to work from home was highly unusual for an employee in her position.

E) The Director did know that was occurring at the time and would normally be involved in such a decision.

F) The Plaintiff had been told there was flexibility in her work hours.

G) Plaintiff's late arrival did not conflict with any work of hers or otherwise.

H) The Plaintiff was nearing the completion of her inventorying project but no one had discussed with her what she would be doing next.

I) Defendant's supervisor was enforcing an instruction about using a telephone that she only applied to the Plaintiff.

J) It is the practice and custom and usage of the Defendant to have Director Salinas make termination decisions.

K) It is the practice and custom and usage of the Defendant to have Director Salinas make and effectuate employment policy decisions.

L) A progressive discipline policy exists and Defendant did not go through lesser steps on this claimed violation of improper notice of late arrival.

M) The County wrote a letter before the Plaintiff was terminated describing its efforts to deal with the expired medications and no reference to the Plaintiff or what she had been doing was mentioned or even alluded to, even though the letter implied it was comprehensive on the subject.

N) The Plaintiff would not have been terminated for the manner of her notice if her esteem and regard had not been lowered by her speech with the State.

O) In late April 2002 Plaintiff was told by her supervisor that her employment was subject to termination if she failed to call her supervisor if she was going to be tardy or absent.

P) Plaintiffs work day was from 8:00 a.m. to 5:00 p.m. with an hour off for lunch.

Q) On April 16, 2002, Plaintiff was late for work.

R) On April 16, 2002, Plaintiff did not report to her supervisor until approximately 9:30 a.m.

S) On April 23, 2002, Plaintiff was late for work.

T) ON April 23, 2002, Plaintiff did not notify her supervisor until her supervisor called Plaintiff at about 8:45 a.m.

U) On April 23, 2002, when Plaintiff talked to her supervisor, Plaintiff stated she would be at work at about 10:00 a.m.

V) On April 23, 2002, Plaintiff did not report for work and did not notify her supervisor that she was not coming in until about 1:00 p.m.

## VIII.  AGREED PROPOSITIONS OF LAW

A) Plaintiff was a "public" employee for purpose of protection under Section 1983.

B) A public employee cannot be discriminated against for speaking out on a matter of public concern.

## IX.  CONTESTED PROPOSITIONS OF LAW

Page 11

A) Whether or not the speech of the Plaintiff is protected by the First Amendment. (See Defendant's Motion for Summary Judgment and Plaintiff's Response.)

B) Whether Plaintiff's speech was primarily as a citizen or an employee. (See Defendant's Motion for Summary Judgment and Plaintiff's Response.)

C) Whether or not Yvette Salinas as the director of the County Health Department is a policy maker for purposes of Section 1983. (See Defendant's Motion for Summary Judgment and Plaintiff's Response.)

D) The Plaintiff's timely filed response provides argument and authority for the contrary and further the Defendant custom, practice and usage of the Director's position included the authority to make such decisions as termination.

E) The County will be responsible for termination decisions made by the persons the County has authorized to make such decisions for and on its behalf.

F) The County will be responsible for termination decisions made by the persons the County employs to make such decisions for and on its behalf.

## X.  EXHIBITS

A) Exhibit lists to be attached.

## XI.   WITNESSES

A)   Witness lists to be attached.

## XII.   SETTLEMENTS

A)   Plaintiff has moved for mediation. The Parties have not exhausted settlement efforts and the Parties do not therefore have reason to believe that the case must be tried.

## XIII.   TRIAL

A)   Plaintiff estimates 3-4 days of trial and foresees no logistical problems.

## XIV.   ATTACHMENTS

A)   Plaintiff and Defendant separately file voir dire examination questions along with proposed charge, including instructions, definitions and jury questions.

Respectfully submitted,

BREWER ANTHONY & MIDDLEBROOK, P.C.

By: _____
David R. Joe. Admitted to the
United States District Court,
Northern and Southern Districts of Texas
Texas Bar No. 24003872

Federal Bar No. 34002
1702 E. Tyler Street
Suite 1
Harlingen, TX 78550
Office: (956) 428-5500
Fax: (956) 428-5518
**ATTORNEY FOR PLAINTIFF**

**LEGAL DIVISION CAMERON COUNTY COMMISSIONERS COURT**

_____
Richard O. Burst
Texas Bar No.: 00765586
S.D. Bar No. 15515
964 E. Harrison Street, Suite 420
Brownsville, Texas 78520
Office (956) 550 1345
Facsimile (956) 550 1348
**ATTORNEY IN CHARGE FOR DEFENDANT**