IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
ENTERED

AUG 1 9 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| BELINDA MATA, | § § | |
| PLAINTIFF, | § § § | |
| v. | § § | C.A. NO. B-04-92 |
| | § § | |
| CAMERON COUNTY, TEXAS, | § § | |
| DEFENDANT. | § § | |

## ORDER AND OPINION

BE IT REMEMBERED that on August 19, 2005, the Court **GRANTED** Defendant's Motion for Summary Judgment [Dkt. No. 18]; and **DENIED** Plaintiff's Motions for Mediation [Dkt. Nos. 22 & 23].

### I. Introduction

Plaintiff Belinda Mata brings this First Amendment retaliation claim pursuant to 42 U.S.C. § 1983. Plaintiff, alleges she was wrongfully terminated when she brought reports of immunization and serum expirations and "systematic improprieties" to the attention of her employer, Cameron County Health Department, and the Texas Department of Health. These reports, she alleges, contained matters of public concern.

Defendant Cameron County Health Department argues in its Motion for Summary Judgment that there are no genuine issues of material fact precluding summary judgment as a matter of law. Additionally, it asserts: (1) Yvette Salinas, the Cameron County Health Administrator, is not a policymaker for Cameron County, Texas; (2) Defendant had a legitimate reason for terminating Plaintiff; and (3) Plaintiff's conduct or speech is not protected by the First Amendment. Plaintiff explicitly states in her response to Defendant's Motion for Summary Judgment that she is not urging a Sabine Pilot or state Whistleblower Act claim. See Pl's Response, at p. 5 [Dkt. No. 19]. The Court, therefore, restricts its ruling to Plaintiff's First Amendment retaliation claim.

## II. Undisputed Factual Background

The Cameron County Health Department employed Plaintiff as the Immunizations Program Supervisor from April 5, 2002, until June 5, 2002, when she was terminated. *See* Def's Motion for Summary Judgment, Ex. 1, ¶ 4; Ex. 2, ¶¶ 2, 9. As part of her job, Plaintiff inventoried vaccines and serums and maintained related reports and documents. *See id.* at Ex. 3 (Pl's Depo, 46:4-25). After beginning her employment, Plaintiff discovered Defendant had "unknowingly" accumulated many vials of expired vaccinations. *See* Pl's Response, at p. 2. Upon discovering the expired vaccines, Plaintiff reported them to her employer and the Texas Department of Health. *See id.* at Ex. 1 (Depo., 63: 3-19).

Defendant presents evidence of three incidents in which Plaintiff either failed to appear at work or arrived at work late in violation of the County Health Department's policies. On April 16, 2002, Plaintiff did not report to work until 9:30 a.m. and failed to notify her immediate supervisor, Esmer Guajardo, the Assistant Health Administrator, that she would be tardy. *See id.*, Ex. 2 (attached notice). As a result of this incident, Plaintiff was given a "Cameron County Warning Notice." *Id.* at Ex. 2, ¶ 5 (affidavit of Yvette Salinas, Health Administrator); Ex. 2 (attached notice). Again on April 23, 2002, Plaintiff did not appear at work nor did she report her absence until the Assistant Health Administrator phoned her. *See id.* at Ex. 2. Finally, on June 4, 2002, Plaintiff failed to call her immediate supervisor to inform her that Plaintiff would be late for work, and instead left a note on the front door of the County office. *See id.* at Ex. 3 (Pl's Depo, 74:16-74:16-75:19). These incidents were in contravention of departmental policies and actual instructions given to Plaintiff in which she was directed to call her supervisor if she intended to be absent or late to work. *See id.* Plaintiff does not refute this evidence.

Yvette Salinas was the Health Administrator for the Cameron County Department of Health and Human Services. *See id.* at Ex. 1 (Salinas Depo, 11:1-5). She is the only person in the Health Department with the authority to terminate an employee. *See id.* at Ex. 1 (Depo, 32:10-11). Yvette Salinas terminated Plaintiff on the recommendation of Plaintiff's immediate supervisor, Esmer Guajardo. *See id.* at Ex. 1

(Depo. 30:13-23; 32:10-15). Yvette Salinas's cited reason for termination is Plaintiff's failure to follow reporting procedures, which sets a poor example for other Health Department employees. *See id.* at Ex. 1 (Depo. 43:21-44:1; 114:3-8). Plaintiff again does not refute this evidence.

Plaintiff asserts there is evidence that "could reasonably support an inference of retaliation by the director." Pl's Response, at p. 10. Plaintiff states, "[d]espite [Plaintiff's] good performance, in her deposition the Director was pressed to reveal her true feelings about the Plaintiff, and though there may have been more than was admitted to, what was revealed [is] very telling, and gives rise to the inference that the Director became inalterably jaded because of the reporting to the State . . . ." *Id.* at p. 15 (citing Salinas Depo. 119: 15-25 - 120: 1-8) (stating Yvette Salinas felt Plaintiff was flippant with her and at times disrespectful). Defendant also does not refute this evidence.

### III. Motion for Summary Judgment
#### A. Summary Judgment Standard

Summary judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual controversies, if any exist, are resolved in favor of the nonmoving party. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "[T]he burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*; *see also Colson v. Grohman,* 174 F.3d 498, 506 (5th Cir.1999). Although the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," *Celotex Corp.*, 477 U.S. at 323, the party "need not negate the elements of the nonmovant's case." *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 323).

If the moving party meets this burden, the nonmovant then must designate

specific facts, beyond the pleadings, showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Little*, 37 F.3d at 1071 (citing *Celotex*, 477 U.S. at 325). "Unsubstantiated assertions" or "mere allegations or denials" will not adequately cast doubt on material facts at issue. *See id.* (citing *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *see also* Fed. R. Civ. P. 56(e). Likewise, the nonmovant must present more than a mere "scintilla" of evidence. *See Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994). The evidence must be viewed in the light most favorable to the nonmovant. *See Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003); *Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000). Summary judgment should be granted "when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little*, 37 F.3d at 1071.

### B. Legal Framework for Claims Against Cameron County Under Section 1983

"To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution of laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Liability for municipalities and entities such as county governments may attach under 42 U.S.C. § 1983 only if the plaintiff demonstrates a deprivation of a constitutional right that was inflicted pursuant to an official policy or custom. *See Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Counties are contemplated as "municipalities" for the purpose of section 1983 liability. Municipal liability requires proof of "1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (2003) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Plaintiff does not allege one of the County's customs or policies deprived Plaintiff of her constitutional right to be free from retaliation based on her free speech. *See*

*Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978) (municipal liability is viable under section 1983 if the execution of the municipality's customs or policy deprives Plaintiff of a constitutional right). Rather, Plaintiff merely asserts she was terminated for notifying her employer and the Texas Department of Health of expired vaccines and serums. Municipalities cannot be liable for acts of their employees under a *respondeat superior* theory. *See Pembaur*, 475 U.S. at 477. *See also Monell*, 436 U.S. at 694. Despite Plaintiff's failure to allege that a custom or policy caused her constitutional injuries, a municipality may be liable for the actions of those municipal or county officials who have "final policy making authority." *Praprotnik*, 485 U.S. at 124. State law governs whether a particular official has final policy making authority. *Id.*; *see also Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). The Court, however, must ensure the municipality's liability does not collapse into fault based on *respondeat superior*, and thus *deliberate* action attributable to the municipality must cause the deprivation of the constitutional right. *See Brown*, 520 U.S. at 415. The Supreme Court's "'cases on the liability of local governments under § 1983 instruct us to ask whether governmental officials are final policymakers for the local government in a *particular area, or on a particular issue*.'" *Brady v. Fort Bend County*, 145 F.3d 691, 699 (5th Cir. 1998) (emphasis in original) (citing *McMillian v. Monroe County*, 520 U.S. 781, 117 S.Ct. 1734, 1737 (1997)).

### 1. Was Yvette Salinas a Final Policy Maker for Defendant County?

Defendant argues:

> Yvette Salinas, as the Cameron County Health Administrator, is . . . appointed by the Cameron County Commissioners Court; and she has been given discretion to hire and fire by the Cameron County Commissioners Court, not elected by the voters; she serves at the discretion of the Commissioners Court . . . , and [is] subject to their review for her decisions. Moreover, she is subject to the employment policy established by the Commissioners Court.

Def's Motion for Summary Judgment, at p. 9 (citations omitted) [Dkt. No. 18].

Plaintiff argues in response that Salinas stated departmental "personnel vary from and shape policy for themselves within the Department" and thus Plaintiff

concludes Salinas was delegated power to establish final employment policy. Pl's Response, at p. 24; *see also id.* at pp. 23-24 (citing Ex. 2, Salinas Depo. at p. 93). Plaintiff interprets Salinas's testimony to mean that both the Administrator of the Cameron County Health Department and her subordinates "set policy." Pl's Response, at p. 23. Plaintiff, however, cites no authority indicating Salinas is a final policy maker or that the County Commissioners Court delegated such authority to her. Defendant, conversely, has presented convincing authority that Salinas, as the County Health Administrator, is not a final policymaker for Cameron County.

Final policy makers are usually empowered by the state to "define objectives and choose the means of achieving them" without supervision by other government officials. *Colle v. Brazos County, Tex.*, 981 F.2d 237, 244 (5th Cir. 1993). Courts have distinguished between final *decision making* authority in a given area versus final *policy making* authority. *See Jett*, 7 F.3d at 1246; *Rivera*, 349 F.3d at 248 (noting the district court made such a distinction); *see also Pembaur*, 475 U.S. at 480-81. Final policy making authority may be granted either by legislative enactment or the official body that has final policy making authority may delegate such authority. *See Pembaur*, 475 U.S. at 483.

Both parties cite the following excerpt from *Pembaur*:

> Thus, for example, the County Sheriff may have discretion to hire and fire employees without also being the county official responsible for establishing county employment policy. If this were the case, the Sheriff's decisions respecting employment would not give rise to municipal liability, although similar decisions with respect to law enforcement practices, over which the Sheriff *is* the official policymaker, *would* give rise to municipal liability. Instead, if county employment policy was set by the Board of County Commissioners, only that body's decisions would provide a basis for county liability. This would be true even if the Board left the Sheriff discretion to hire and fire employees and the Sheriff exercised that discretion in an unconstitutional manner; the decision to act unlawfully would not be a decision of the Board. However, if the Board delegated its power to establish final employment policy to the Sheriff, the Sheriff's decisions *would* represent county policy and could give rise to municipal liability.

475 U.S. at 484 n.12.[1]

The Court has reviewed the Personnel Policies Manual of Cameron County, Texas. *See* Def's Motion for Summary Judgment, Ex. 5. The manual states it was adopted by the Cameron County Commissioners Court and it is intended as a guide. Section 12.01 concerns employee disciplinary action and section 12.02 establishes progressive discipline. *See id.* Defendant presents evidence that Salinas, as the Administrator of the Health Department, holds an appointed position. *See id.*, Ex. 2, ¶ 2 (Affidavit of Yvette Salinas stating she holds an appointed position and serves at the discretion of the Cameron County Commissioners Court).

Plaintiff has presented no authority, statutory or otherwise, indicating the County Commissioners Court has delegated *policy making* authority, instead of *decision making* authority, to Salinas as the Administrator of the County Health Department. Moreover, Plaintiff's cited deposition testimony only demonstrates Salinas has inherent decision making authority regarding personnel discipline and termination decisions. *See* Pl's Response, at p. 23. Plaintiff has presented no evidence that Salinas has anything other than "discretion to hire and fire employees," as an appointed county official, rather than an elected official with final policymaking authority. *Brady*, 145 F.3d at 700 (citing *Pembaur*, 475 U.S. at 484 n.12); *see also id.* (quoting *Turner v. Upton County*, 915 F.2d 133, 136 (5th Cir. 1990) ("'Because of the unique structure of county government in Texas . . . *elected* county officials, such as the sheriff . . . hold[ ] virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statue and is accountable to no one other than the voters for his conduct therein . . . .'") (other quotations omitted).

Without an allegation that the County's policy, custom, or actions of a final policymaker infringed on Plaintiff's First Amendment right to be free from retaliation when she speaks on a matter of public concern, the County cannot be held liability for

---

[1] As Defendant correctly points out, in Texas, the legislature has vested the Sheriff with final authority to hire or fire personnel. *See* Tex. Loc. Gov't Code Ann. § 85.003(c) (Vernon 2003); *see also Brady v. Fort Bend County*, 145 F.3d 691, 700 (5th Cir. 1998) (citations omitted).

the firing decision of an employee. Moreover, Plaintiff has cited no statutory authority indicating the County Health Administrator, as an appointed official, has final policymaking authority on issues relating to personnel actions.

### IV. Conclusion

The Court **GRANTS** Defendant's Motion for Summary Judgment [Dkt. No. 18]; and **DENIES** Plaintiff's Motions for Mediation [Dkt. Nos. 22 & 23]. All trial settings in this case are **CANCELLED**, and the Court will enter a separate final judgment in this case pursuant to Federal Rule of Civil Procedure 58.

DONE this 19th day of August, 2005, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge