IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 0 2 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| BELINDA MATA, | § § | |
| PLAINTIFF, | § § § | |
| v. | § § | C.A. NO. B-04-92 |
| | § § | |
| CAMERON COUNTY, TEXAS, | § § | |
| DEFENDANT. | § | |

## ORDER AND OPINION

BE IT REMEMBERED that on ~~August 31,~~ September 1, 2005, having granted summary judgment in favor of Defendant on all claims, the Court **DENIES** Plaintiff's Motion to Alter or Amend Final Judgment pursuant to Federal Rule of Civil Procedure 59(e).

### Fed. R. Civ. P. 59(e)

Federal Rule of Civil Procedure 59(e) allows motions to alter or amend judgment to be filed within 10 days of entry of judgment. A district court enjoys considerable discretion in granting or denying a motion for reconsideration under Federal Rule of Civil Procedure 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court has discretion, although not unlimited, to balance the need for finality against the need for justice by considering several factors. *Lavespere v. Niagara Mach. & Tool Works Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

A moving party must satisfy at least one of the following four requirements in order to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *Metro.*

*Interconnect, Inc. v. Alexander & Hamilton, Inc.*, Slip Copy, 2005 WL 1432365, *2 (E.D.La. June 17, 2005)(*citing Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D.La. Oct. 21, 1999)).

The court must strike the proper balance between two competing imperatives: finality and the need to render just decisions on the basis of all the facts. *Lavespere*, 910 F.2d at 174. Reconsideration of a previous order is an extraordinary remedy which should be used sparingly. *Fields v. Pool Offshore, Inc.*, 1998 WL 43217, *2 (E.D.La. Feb. 3, 1998)(*citing Rottmund v. Continental Assur. Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa. 1992)).

## Analysis

In Plaintiff's Original Petition and Request for Disclosure to Defendant, Plaintiff alleged violations of "the First Amendment of the United States Constitution, Title 42 § 1983, as well as the Texas Constitution, and Texas state law." (Dkt. No. 1). Additionally, Plaintiff claimed a violation of Texas common law in this petition filed in the 103rd Judicial District in Cameron County prior to removal. [Dkt. No. 1].

In Defendant's Answer to Plaintiff's Original Petition (With Affirmative Defenses), Defendant denied all allegations from Paragraph 15 including claims under the Texas Constitution. [Dkt. No. 6].Additionally, Defendant outlined affirmative defenses to alleged violations of "clearly established statutory or constitutional rights," to alleged violations of rights "secured under the Constitution or laws of the United States," and to Plaintiff's state claims. [Dkt. No. 6].

In Cameron County's Motion for Summary Judgment and Supporting Memorandum, Defendant moved for summary judgment on state claims and absence of protected conduct by Plaintiff under the First Amendment. [Dkt. No. 18]. Defendant did not specifically request relief of the alleged violation of the Texas Constitution. [Dkt. No. 18].

In Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff argued that Defendant's Motion for Summary Judgment was overinclusive because it addressed state law claims that Plaintiff was no longer pursuing. [Dkt. No. 19]. Plaintiff presented arguments and evidence in support of Plaintiff's § 1983 First Amendment

claim. Plaintiff did not discuss any remaining state claim. Plaintiff concluded by reiterating that Plaintiff was not asserting state law claims. [Dkt. No. 19].

On August 19, 2005, the Court granted Defendant's Motion for Summary Judgment restricting its ruling to Plaintiff's First Amendment retaliation claim. [Dkt. No. 33]. The court understood from Plaintiff's Response to Defendant's Motion for Summary Judgment that Plaintiff has ceased to pursue the state law claims raised in Plaintiff's Original Petition. [Dkt. No. 19].

There is no implied cause of action for damages against governmental entities for violations of the free speech and free assembly clauses of the Texas Constitution. *City of Beaumont v. Bouillon*, 896 S.W.2d 143, 144 (Tex. 1995). The Texas Constitution protects the right to free speech. Tex. Const. art. I, § 8. However, no Texas statute or case provides the redress available under the United States Constitution afforded by 42 U.S.C. § 1983. *Bouillon*, 896 S.W.2d at 149. Plaintiff has not provided any authority or evidence to support a potential claim under the Texas Constitution.

A moving party must satisfy at least one of the following four requirements in order to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *Metro. Interconnect, Inc. v. Alexander & Hamilton, Inc.*, Slip Copy, 2005 WL 1432365, *2 (E.D.La. June 17, 2005)(citing *Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D.La. Oct. 21, 1999)).

Plaintiff has not presented newly discovered or previously unavailable evidence. Plaintiff has not shown any change to the law governing Texas Constitutional claims. There is no manifest error of fact or law in need of correction. Justice is served in this case by emphasizing the need for finality. Plaintiff has not met any of the criteria necessary to prevail on a Rule 59(e) motion.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Alter or Amend Final Judgment pursuant to Federal Rule of Civil Procedure 59(e).

DONE this 31st day of September, 2005, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge